**YU YE CHEN, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 06–5183–ag.**

United States Court of Appeals,
Second Circuit.

Aug. 20, 2007.

**68**

Michael Brown, New York, NY, for Petitioner.

Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Stephen R. Cerutti II, Assistant United States Attorney, Harrisburg, PA, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Yu Ye Chen, a native and citizen of the People's Republic of China, seeks review of an October 16, 2006 order of the BIA affirming the June 30, 2003 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan pretermitting his applications for asylum and withholding of removal. *In re Yu Ye Chen,* No. A96 257 704 (B.I.A. Oct. 16, 2006), *aff'g* No. A96 257 704 (Immig. Ct. N.Y. City June 30, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision, for reasons cited therein, then supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006); *Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). Where, as here, the facts are not disputed, we review the application of law to fact *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We find that denial of Chen's asylum and withholding claims is warranted in light of our recent *en banc* decision in *Shi Liang Lin v. United States Dep't of Justice,* 494 F.3d 296 (2d Cir.2007).[1] In *Shi Liang Lin,* we concluded that the BIA's interpretation of 8 U.S.C. § 1101(a)(42) in *C–Y–Z–* was incorrect, and that an individual cannot establish *per se* eligibility for asylum based on his spouse's forced abortion or sterilization. 494 F.3d at 312–14. We emphasized that, while an individual's forced abortion or sterilization is not irrelevant to her partner's claim, that partner—married or unmarried—must inde-

---

1. To the extent Chen seeks review of a CAT claim in his brief to this Court, this claim is dismissed for lack of jurisdiction, because he abandoned it before the IJ and therefore failed to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119–20 (2d Cir.2006).

pendently establish persecution on account of a protected ground. *Id.* The partner can meet his burden if he can "prove past persecution or a fear of future persecution for 'resistance' that is directly related to his or her own opposition to a coercive family planning policy." *Id.*

In his asylum application, Chen indicated that he and his wife were fined because of their violation of the family planning policy, and that the majority of this fine remained unpaid. While petitioner characterizes this as "opposition" to the family planning policies of China, we are hard pressed to agree. In our view, *Shi Liang Lin* and the statute clearly require resistance to Chinese family planning policies to qualify for asylum. Petitioner has failed to identify any acts of resistance.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).